UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 14-071 (RJL) |
| | ) |
| JOSEPH BORGES, | ) |
| | ) |
| CHARLES GREER, | ) |
| | ) |
| DARNELL JACKSON, and | ) |
| | ) |
| COREY RICH, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION
December 31, 2015 [Dkt. # 32]

Currently pending before this Court is the Government's Motion to Dismiss Indictment [Dkt. # 32], pursuant to Federal Rule of Criminal Procedure 48(a), as to all defendants—Joseph Borges, Charles Greer, Darnell Jackson, and Corey Rich ("defendants"), who have been charged, *inter alia*, with a conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. *See* Superseding Indictment [Dkt. # 15]. In its motion, the Government requests that the indictment be dismissed "without prejudice," *see* Mot. to Dismiss Indictment at 1; however, because of the unusual circumstances of this case I find that the threat of reprosecution would amount to harassment and, therefore, dismissal *with* prejudice is appropriate here. Accordingly, after careful consideration of the Government's motion, the defendants'

oppositions thereto, the *ex parte* hearing on November 20, 2014, arguments of counsel at the motions hearing held on December 10, 2014, and the relevant law, the Court DENIES the Government's Motion to Dismiss Indictment and DISMISSES the indictment with prejudice.

## BACKGROUND

Defendants Borges, Greer, and Jackson were indicted on March 27, 2014, in a single-count indictment alleging conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846. *See* Indictment [Dkt. # 5]. An 18-count superseding indictment was filed on May 13, 2014, against all defendants alleging, in summary: (1) conspiracy to distribute one kilogram of heroin against all defendants; (2) multiple counts of unlawful distribution of heroin against Jackson and Greer; (3) the use, carry, and possession of a firearm during a drug trafficking offense against Borges; (4) unlawful possession with intent to distribute of 100 grams or more of heroin against Borges; and (5) unlawful possession with intent to distribute heroin against Jackson. *See* Superseding Indictment [Dkt. # 15].

On September 29, 2014, FBI Special Agent Matthew Lowry was discovered in his FBI vehicle, apparently under the influence of narcotics. *See* Gov't's Ex Parte Under Seal Letter at 4, Nov. 17, 2014 ("Nov. 17, 2014 Letter") [Dkt. # 60-2] (unsealed by Order, Dec. 8, 2014 [Dkt. # 65]). A subsequent search of Agent Lowry's vehicle uncovered narcotics and firearms evidence seized in connection with other criminal cases. *Id.* There was no apparent law enforcement purpose for any of the items

recovered, and the FBI list of the items recovered from the search of the vehicle remains under seal. *Id.*

On October 22, 2014, the Government filed a then-sealed notice advising the Court that "one of the special agents who assisted in the investigation of the defendants' case may have engaged in misconduct in other cases by tampering with evidence, including narcotics evidence, seized during other investigations." *See* Notice at 1, Nov. 6, 2014 [Dkt. # 33].[1] The notice stated that the agent had been suspended and that a criminal investigation had been opened. *Id.* The notice further indicated that the Government would not oppose motions by defendants for release, with certain conditions, pending trial or other resolution of the case. *Id.* at 2. Thereafter, all four defendants moved for bond review or release pending trial. *See* Greer's Emergency Mot. for Release from Pretrial Detention [Dkt. # 23-2];[2] Jackson's Unopposed Mot. for Bond Review [Dkt. # 25]; Rich's Unopposed Mot. for Bond Review [Dkt. # 26]; Borges's Mot. for Bond Review [Dkt. # 28].[3]

On November 5, 2014, the Government moved to dismiss the indictment, as to all defendants, *without* prejudice. *See* Gov't's Mot. to Dismiss Indictment [Dkt. # 32].

---

[1] The Government moved to unseal the notice on November 3, 2014, and that motion was granted orally at a status conference on November 6, 2014. *See* Gov't's Mot. to Unseal Notice [Dkt. # 31]; Minute Entry, Nov. 6, 2014.

[2] Greer's motion was initially filed under seal because it referenced the Government's October 22, 2014, notice, which had yet to be unsealed at the time. Because the notice has been unsealed, *see supra* note 1, there is no reason for Greer's motion to remain sealed.

[3] After interlocutory appeals a status conference was held on November 24, 2014, during which all four defendants were released pending the outcome of the Government's motion to dismiss. *See* Minute Entry, Nov. 24, 2014.

Following several *ex parte*, sealed submissions from the Government,[4] the Court held an *ex parte*, sealed hearing on November 20, 2014 with the Government to discuss its pending motion to dismiss, and that hearing was later unsealed. *See* Order, Dec. 8, 2014 [Dkt. # 67] (granting Government's Motion to Unseal the Ex Parte Court Proceeding on November 20, 2014).

At the *ex parte* hearing, counsel for the Government represented that Agent Lowry was not, at that point in time, being accused of tampering with any specific evidence related to the defendants in this case. Ex Parte Hr'g Tr. 13:9-12, Nov. 20, 2014 ("Nov. 20, 2014 Tr.") [Dkts. ## 68-71] ("[A]s I stand here right now, we don't know whether or not the one kilogram of heroin that was seized in connection with that search warrant was in fact tampered with. Maybe it was. Maybe it wasn't."). Despite no specific allegations at the time that Agent Lowry had tampered with evidence in this case, the Government represented that the agent was involved in executing search warrants that yielded the "most significant narcotics evidence" recovered in connection with this case. Nov. 20, 2014 Tr. 6:4-14; *see also* Nov. 17, 2014 Letter at 5 n.2 ("Although no evidence from [the Borges] investigation was found in his FBI vehicle, Agent Lowry played a significant role in the execution of search warrants central to the investigation.").

As a result of Agent Lowry's unmonitored presence both at the scene where evidence was seized, and at the facility where the evidence was logged, counsel for the Government stated that the agent's involvement had "undermined" the "integrity" of the

---

[4] Most, if not all, of the substance of those submissions has been subsequently unsealed. *See* Order, Dec. 8, 2014 [Dkt. # 65].

prosecution. Nov. 20, 2014 Tr. 21:3-13, 26:14-27:12. I agreed with the Government that the agent's involvement in the seizure would likely give rise to a reasonable doubt if the case were to proceed to trial. Nov. 20, 2014 Tr. 35:23-36:7. Thus, the only remaining question to be resolved was whether the case should be dismissed with, or without, prejudice.

## ANALYSIS

Federal Rule of Criminal Procedure 48(a) provides that, at any time prior to trial, the Government "may, with leave of court, dismiss an indictment, information, or complaint." Rule 48(a)'s "leave of court" requirement is "intended to allow courts to consider the public interest, fair administration of criminal justice and preservation of judicial integrity . . . ." *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam).

Under Rule 48, there is a strong presumption in favor of a no-prejudice dismissal unless the circumstances are "exceptional," such as where a dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989). "[T]he ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id.* In *Poindexter*, the Government sought dismissal of some charges on the basis that its broader investigation was

incomplete, and there was "at least the possibility that further developments will minimize the classified information problems." *Id.* at 11 (internal quotation marks omitted). The Government also argued that witnesses who are "now protected by the privilege against self-incrimination may become available to testify . . . ." *Id.* The *Poindexter* court rejected the Government's justifications for a dismissal without prejudice, and, dismissing with prejudice, explained:

> The Court can well appreciate the prosecutor's desire to preserve the best possible case against the defendant for use at a time when, possibly, the tactical situation is more advantageous. Yet that kind of strategy is precisely what such cases as *Salinas* and *Ammidown* condemn. In the end, when a choice must be made, it is the Court's duty to protect defendant from the consequence of another prosecution at a different time deemed more favorable to the prosecution even if this could have the effect of conceivably hampering the government's plans down the road.

*Id.* at 12 (footnotes, quotation marks, and alterations omitted). Indeed, our Circuit Court has stated the purpose of Rule 48(a) is to prevent the prosecution from bringing charges and then "dismissing [them] without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973); *see also United States v. Fields*, 475 F. Supp. 903, 907 (D.D.C. 1979) (citing *Ammidown* and noting "although generally a dismissal by the government does not bar reinstitution of a prosecution, an exception is made where there has been a harassment of a defendant").

As in *Poindexter*, the Government in this case has put forward the possibility that the problems with Agent Lowry's involvement in the case may be cured at a later date

when its investigation is more complete. At oral argument, counsel for the Government explained that the case could be "resuscitated" if Agent Lowry pleaded guilty to his misconduct and gave a "full accounting of his misdeeds" such that he would be available to the Government to testify and explain that he committed no misconduct in this case. Hr'g Tr. 12:14-18, Dec. 10, 2014 ("Dec. 10, 2014 Tr.") [Dkt. # 72]. Unfortunately for the Government, such a strategy of dismissing a case without prejudice in order to bring it again under "more advantageous" circumstances is precisely the kind of "tactical situation" that is prohibited by Rule 48(a) and its progeny. *Poindexter*, 719 F. Supp. at 12; *see also United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) ("It is apparent, therefore, that the Government used Rule 48(a) to gain a position of advantage . . . .").

The Court has an obligation to protect these defendants from the uncertainty that the risk of a future prosecution entails because it amounts, objectively, to harassment. The facts of this case are unusual and are unlike the more typical situation where the Government is forced to dismiss its case *after* evidence is ruled inadmissible. *Cf. United States v. Karake*, No. CRIM.A. 02-00256, 2007 WL 8045732, at *2 (D.D.C. Feb. 7, 2007) (permitting dismissal without prejudice in part because it was not "a case in which the government could proceed to trial yet, for tactical reasons, has sought to defer prosecution"). Here, no evidence has specifically been ruled inadmissible, but rather, the integrity of the Government's case has been tainted by the wrongdoing and misconduct of an agent assigned to the case. When pressed for reasons why the case should be dismissed without prejudice, the Government back in November 2014 relied on a hypothetical situation in which charges might be re-brought if Agent Lowry pleads guilty

and reveals that he did not tamper with any evidence in this case. *See* Dec. 10, 2014 Tr. 12:14-18. Well, Agent Lowry did ultimately plead guilty in March 2015 to a criminal information in this district. *See* Plea Agreement, No. 15-cr-34 [Dkt. # 6]. And according to his counsel he in fact provided "[e]xtraordinary and early cooperation with the government" including meeting with prosecutors and investigators "over many hours to assist them in identifying the evidence packages that were (and those that were not) tampered with by him." Def.'s Mem. in Aid of Sentencing at 10, No. 15-cr-34 [Dkt. # 11]. Although Agent Lowry was not entitled to a § 5K1.1 departure since he did not provide information regarding any criminal activity aside from his own, the Government "recognize[d] that the defendant did confess in a timely and fulsome manner" that saved Government resources, and acknowledged that he "met with the investigative team on several occasions, and he answered completely all questions asked of him." Gov't's Sentencing Mem. at 14 n.4, No. 15-cr-34 [Dkt. # 16]. As such, on July 9, 2015, he was sentenced by one of my colleagues to a term of 36 months of incarceration, followed by a term of 24 months of supervised release. *See* Amended Judgment, No. 15-cr-34 [Dkt. # 32].[5]

To date, this Court has not been notified of *any* information gained by the Government during his cooperation that would enable it to successfully reprosecute *this* case. Nevertheless, the ongoing threat that the Government *may* change course at a later date is itself the very type of harassment that warrants a with prejudice dismissal. *See Poindexter*, 719 F. Supp. at 11 (noting the unfairness of allowing a prosecutor to hold

---

[5] Agent Lowry was also sentenced to a term of 12 months of prison to run concurrently with the 36-month sentence, as well as another 12 months of supervised release to run concurrently with the 24-month supervision term. *Id.*

charges in abeyance "for an indefinite period of time in the *hope or expectation* that something will turn up to remove the complications" in the Government's case (emphasis added)).

Finally, it is important to note that neither this Court, nor the defendants, question the Government's good faith in its attempts to secure a dismissal without prejudice. The Court understands that the Government has expended a significant amount of time and resources to investigate and to prosecute this case, and that the obstacles to this case's continued prosecution are, by all accounts, attributable solely to the rogue actions of one former FBI agent. Similarly, this Court has absolutely no reason to believe that it is, or ever was, the Government's *intent* to harass these defendants. Nevertheless, the issue, as explained in *Poindexter*, is whether the Government's conduct *objectively* amounts to harassment. *See* 719 F. Supp. at 11 ("Neither the defendant, nor certainly the Court, questions that good faith in the slightest. Rather, the question is the effect on the defendant of a dismissal of charges followed by their reinstitution at a later date. To put it more concretely, does it *objectively* amount to harassment . . . ." (emphasis added)); *see also Salinas*, 693 F.2d at 351 ("[T]he primary purpose of the rule is protection of a defendant's rights . . . ."). Under the unique circumstances of this case it would, by any objective standard, be harassing to these defendants to leave the threat of reprosecution hanging over their heads indefinitely while the Government tries to figure out a way, notwithstanding all of Agent Lowry's cooperation to date, to sufficiently cure the defects in their case so that it can reprosecute them. As such, this Court is duty-bound to protect these defendants from such unfair consequences.

## CONCLUSION

Thus, for all of the foregoing reasons, the Government's Motion to Dismiss Indictment without prejudice is DENIED. This case is DISMISSED with prejudice. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge